UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

EDSON MAITLAND and
YVONNE MAITLAND,

        Plaintiffs,

        v.

LISA FISHBEIN, ROBERT FISHBEIN, and
J P MORGAN & CHASE BANK,

        Defendants.

----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM &
ORDER**
15–CV–5845 (JMA) (AKT)

FILED
CLERK

3/16/2017 3:29 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

    Before the Court are plaintiffs' objections to Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R & R") dated February 28, 2017. In the R & R, Judge Tomlinson recommends that the Court grant defendants' motions to dismiss plaintiffs' federal claims under Federal Rule of Civil Procedure 12(b)(6). With respect to plaintiffs' state law claims, Judge Tomlinson concludes that the Court does not have diversity jurisdiction over these claims and recommends that the Court decline to exercise supplemental jurisdiction over these claims. Plaintiffs timely filed objections. Having conducted a review of the full record and the applicable law, for the following reasons, the Court adopts Judge Tomlinson's R & R, in its entirety, as the opinion of the Court.

## I. BACKGROUND

    The Court assumes familiarity with the facts, which are referenced only as necessary to explain the Court's decision.

1

## II. STANDARD OF REVIEW

In reviewing a magistrate judge's report and recommendation, a court must "make a <u>de novo</u> determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1); <u>see also</u> <u>Brown v. Ebert</u>, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See <u>Pall Corp. v. Entegris, Inc.</u>, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

## III. DISCUSSION

The Court reviews the portions of the R & R to which the parties did not specifically object. After review, I find that these portions contain no clear error, and I adopt these findings.

Next, the Court reviews the portions of the R & R to which plaintiffs objected. Upon a <u>de novo</u> review of the record and Judge Tomlinson's R & R, the Court affirms and adopts the remaining portions of the R & R as the opinion of the Court. I discuss each objection below.

### A. Diversity Jurisdiction

Plaintiffs object to Judge Tomlinson's recommendation that the Court lacks subject matter jurisdiction to hear plaintiffs' state law claims. Plaintiffs maintain that the Court has diversity jurisdiction based on the residencies of opposing parties. Specifically, plaintiffs argue that it is a "well knowing [sic] fact that Plaintiffs are Residents of Florida." (ECF No. 51 at 1.) As support, plaintiffs refer the Court to two other cases pursued by the plaintiffs: <u>Maitland v. Lunn</u>, 14-CV-5938 and <u>Maitland v. Konica Minolta</u>, 09-CV-1675.

The Court first notes that plaintiffs' references to two other cases before the Court are

insufficient evidence to support the assertion that they are Florida residents. Plaintiffs fail to refer the Court to any specific documents or findings on those dockets that are relevant to the question of residency. It is not the Court's duty to scour the dockets in other cases to find unspecified evidence or rulings that might be relevant to plaintiffs' objection.

Even assuming, for the sake of argument, that plaintiffs have established that they are residents of Florida, I would still adopt Judge Tomlinson's recommendation that plaintiffs have failed to adequately plead diversity jurisdiction. As Judge Tomlinson explains in her R & R, diversity jurisdiction turns on the <u>citizenship</u> of each party, <u>not</u> the <u>residency</u> of each party. This is because "allegations of residency alone cannot establish citizenship . . . ." <u>Davis v. Cannick</u>, No. 14-CV-7571, 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) (quoting <u>Canedy v. Liberty Mut. Ins.Co.</u>, 126 F.3d 100, 103 (2d Cir. 1997)). Accordingly, it is insufficient for the plaintiffs to plead that they are Florida <u>residents</u>, without averring, through non-conclusory allegations, that they are Florida <u>citizens</u>. <u>See</u> <u>Herrick Co. v. SCS Commc'ns, Inc.</u>, 251 F.3d 315, 322–23 (2d Cir. 2001) (quoting <u>Advani Enter., Inc. v. Underwriters at Lloyds</u>, 140 F.3d 157, 160 (2d Cir. 1998)) ("[I]t is well established that '[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'"). Because plaintiffs' objection only addresses their <u>residencies</u>, not their <u>citizenships</u>, I adopt Judge Tomlinson's recommendation that this Court lacks diversity jurisdiction over plaintiffs' state law claims.

**B. The Claims Raised in the Initial Complaint**

Additionally, plaintiffs suggest that even if this Court affirms Judge Tomlinson's R & R and dismisses the amended complaint, their initial complaint would still be operative against the defendants. This argument is utterly without merit. First, it is axiomatic that an amended

complaint supersedes an initial complaint.  Furthermore, Judge Tomlinson's R & R addressed all the claims brought by plaintiffs against defendants, including those articulated in the initial complaint.  (Compare Compl. ECF No 1. ¶¶ 1, 12, 128, with R & R, ECF No. 48 at 2, 15–40.)  Because Judge Tomlinson's R & R specifically addresses and recommends dismissal of all of plaintiffs' claims, and I adopt Judge Tomlinson's R & R in its entirety, no claims remain against the defendants.

### III.  CONCLUSION

Defendants' motions to dismiss plaintiffs' federal claims are granted.  The Court declines to exercise supplemental jurisdiction over plaintiffs' state law claims.  The Clerk of Court is directed to close this case and mail a copy of this Order to pro se plaintiffs.

**SO ORDERED.**

Dated:  March 16, 2017
Central Islip, New York

/s/     JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE