FILED
CLERK

5/10/2017 9:17 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDSON MAITLAND and
YVONNE MAITLAND,

                            Plaintiffs,

            -against-                                        **ORDER**
                                                            15-CV-5845 (JMA) (AKT)
LISA FISHBEIN, ROBERT FISHBEIN, and
J P MORGAN & CHASE BANK,

                            Defendants.
------------------------------------------------------------X
**AZRACK, United States District Judge:**

Before the Court is plaintiffs' motion to reconsider the Court's Order dated March 16, 2017, adopting Magistrate Judge A. Kathleen Tomlinson's Report & Recommendations ("R & R") in its entirety.  In the R & R, Judge Tomlinson recommended that this Court dismiss plaintiffs' state law claims because the Court lacked diversity jurisdiction over these claims.  For the reasons that follow, the Court denies plaintiffs' motion and declines to reconsider its earlier decision.

"The standard for granting [a motion for reconsideration] is strict."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Such a motion should be denied unless there has been an intervening change in controlling law, evidence has become newly available, or there is a need to correct a clear error or prevent manifest injustice.  Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

In their motion, plaintiffs fail to argue that any of these conditions are present.  Rather, plaintiffs simply expound on the merits of their state law claims, for the most part ignoring this Court's ruling on subject matter jurisdiction.  The Court assumes, however, that plaintiffs briefly acknowledge the Court's previous ruling on subject matter jurisdiction by attaching copies of their driver's licenses and passports as exhibits to their motion.  The Court further assumes that plaintiffs introduce these documents to show that plaintiffs are Florida citizens, which, if true, would

establish complete diversity in this case.

These documents are insufficient to persuade the Court that it should reconsider its earlier judgment. First, these documents, which were presumably always in plaintiffs' possession, can hardly be described as "newly available." Plaintiffs had an opportunity to attach these documents to their objection to the R & R, but simply declined to do so. Moreover, it is far from clear that these documents establish that the Court's prior ruling on plaintiffs' state citizenship was erroneous. While a driver's license may be relied on as evidence of an individual's domicile and thus, state citizenship, the existence of such documentation is not dispositive. See Ceglia v. Zuckerberg, 772 F. Supp. 2d 453, 456 (W.D.N.Y. 2011) ("Courts consider the following objective indicators to ascertain domiciliary intent: current residence; . . . location of personal and real property; . . . driver's license, [etc.,] . . . No single factor is conclusive and the determination is made based upon the totality of the circumstances."). This is especially true where other allegations in plaintiffs' amended complaint strongly suggest that plaintiffs are domiciled in a different state (i.e., New York). (Am. Compl. ¶¶ 11 ("The location of plaintiff property and subject matter is at 224 Park Ave, Roosevelt New York 11575."); 10, 27, 38 (describing the New York property as plaintiffs' "home"), ECF No. 30.) Far from clearly establishing plaintiffs' Florida citizenship, these exhibits only further muddy the waters. Because plaintiffs fail to raise the issue of clear error, the Court cannot say that reconsideration is warranted.

The Court concludes that reconsideration is not appropriate in the absence of an intervening change in controlling law, newly available evidence, clear error, or manifest injustice and so, denies plaintiffs' motion.  The Clerk of Court is directed to mail copies of this Order to the pro se plaintiffs.

**SO ORDERED.**

Dated:  May 10, 2017
      Central Islip, New York

   /s/ JMA_____
Joan M. Azrack
United States District Judge