```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X         For Online Publication Only
EDISON MAITLAND and YVONNE
MAITLAND,

                Pro se Plaintiffs,

        -against-                                                    **ORDER**
                                                                     15-CV-5845 (JMA) (AKT)

LISA FISHBEIN, ROBERT FISHBEIN, and JP
MORGAN & CHASE BANK,

                Defendants.
----------------------------------------------------------X
```

**AZRACK, United States District Judge:**

Plaintiffs Edison Maitland and Yvonne Maitland ("Plaintiffs") commenced this action on October 10, 2015 against defendants Lisa Fishbein, Robert Fishbein, and JP Morgan & Chase Bank (collectively, "Defendants"). (ECF No. 1.) On February 26, 2016, Plaintiffs filed an amended complaint. (ECF No. 30.) Defendants subsequently filed separate motions to dismiss the amended complaint. (ECF No. 44, 45.) On October 17, 2016, both motions to dismiss were referred to Magistrate Judge A. Kathleen Tomlinson for a Report and Recommendation ("R&R"). On March 16, 2017, the Court adopted Judge Tomlinson's R&R, which recommended that Plaintiffs' amended complaint be dismissed for failure to state a federal cause of action and that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. (ECF No. 53.)

The U.S. Court of Appeals for the Second Circuit affirmed this Court's judgment with respect to Plaintiffs' federal claims, vacated the judgement with respect to Plaintiffs' state law claims, and remanded the case for further proceedings to determine whether Plaintiffs' amended complaint pleads any claim(s) arising under New York law. (ECF No. 59.) On June 12, 2018, the Court again referred Defendants' motions to dismiss to Judge Tomlinson for a R&R addressing

Plaintiffs' state law claims pursuant to the Second Circuit's Order.

On March 7, 2019, Judge Tomlinson issued a R&R recommending that (1) Defendants' motions to dismiss Plaintiffs' amended complaint be granted, (2) Plaintiffs' motion for sanctions be denied, and (3) the amended complaint be dismissed. (ECF No. 78.) On March 11, 2019, Plaintiffs filed objections to Judge Tomlinson's R&R. (ECF Nos. 80, 81.) Plaintiffs also moved to file a second amended complaint. (ECF No. 82.) Having reviewed the entire record and applicable law, I adopt Judge Tomlinson's R&R in its entirety.

In reviewing a magistrate judge's R&R, the Court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see Brown v. Ebert, No. 05-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of an R&R to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a de novo review of the record, the R&R, and the instant objections, and I agree with Judge Tomlinson's R&R and adopt it as the opinion of this Court. Accordingly, the Defendants' motions to dismiss are GRANTED as to Plaintiffs' state law claims, Plaintiffs' motion for sanctions is DENIED, and the amended complaint is DISMISSED with prejudice.[1]

Plaintiffs also filed a letter motion requesting to file a second amended complaint. (ECF No. 82.) Leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), but "should generally be denied in instances of futility, undue delay, bad faith or dilatory

---

[1] The Court also denies Plaintiffs' request for "a new venue" and reassignment of this case to another judge "due [to] Defendant[s] failure to follow the [Federal Rules of Civil Procedure,] which [the] Court failed to take any action against" Defendants and their attorney. (See ECF No. 81, p. 3.)

motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008). Plaintiffs have already amended their complaint and, based on Plaintiffs' submission, another amendment would be futile as there is no indication that it would result in the addition of a plausible claim. Thus, Plaintiffs' motion to file a second amended complaint is DENIED.

The Clerk of the Court is respectfully directed to close this case and mail a copy of this Order to the pro se Plaintiffs.

**SO ORDERED.**

Dated: March 22, 2019
Central Islip, New York

               /s/ (JMA)
              JOAN M. AZRACK
              UNITED STATES DISTRICT JUDGE